Hon. Jerome A. Mirabito City Attorney, Fulton
You ask whether a city by local law may provide for unpaid water and sewer rents to be added to the tax rolls and collected in the same manner as are real property taxes. Second, you ask whether a city may enter upon private property to terminate supply of city water for failure of the owner to pay his water bill.
The local legislative body of a city having a population of five thousand or more by local law may establish and impose sewer rents in accordance with Article 14-F of the General Municipal Law, known as the Sewer Rent Law (General City Law, § 20 [26-a]; General Municipal Law, §452[1]). The Sewer Rent Law authorizes the levy of unpaid sewer rents against the real property liable at the same time and in the same manner as city taxes are levied (General Municipal Law, § 452[4]). The amounts levied are to be collected and enforced in the same manner and at the same time as is provided by law for the collection and enforcement of city taxes (ibid.). Since the population of the City of Fulton is greater than five thousand, a local law may be adopted establishing sewer rents under the Sewer Rent Law and applying the procedure therein for levy and collection of unpaid sewer rents.
Cities have power to adopt local laws consistent with general laws and the Constitution in relation to the collection of local taxes authorized by the Legislature and of assessments for local improvements; and in relation to the fixing, levy, collection and administration of local government rentals, charges, rates and penalties (Municipal Home Rule Law, § 10[1][ii][a], clauses 9 and 9-a). In our opinion, a city is not limited in establishing sewer rents to the provisions of the Sewer Rent Law, since that law is applicable to cities with a population of five thousand or more and therefore is not a general law (General Municipal Law, § 452; Municipal Home Rule Law, § 2 [5]). Local governments, in exercising their home-rule power, need not be consistent with special laws unless expressly restricted by the Legislature (Municipal Home Rule Law, §§ 2[12], 10[1][ii]). We believe that a city by local law may establish procedures for the collection of unpaid assessments and charges for sewer use and water consumption. One alternative is to add unpaid sewer and water rents and assessments to the tax rolls, levy them against liable real property and apply the existing procedure in your city for the collection of taxes, including delinquent taxes.
The existing provisions of your city charter would not restrict the adoption of the proposed local laws, since your charter is a special law and may be amended by local law as to subjects within a city's home-rule power. We have found no provisions in the Real Property Tax Law regarding payment of unpaid water and sewer charges and assessments that would limit the adoption of the proposed local law. (For examples of application of tax-collection procedures for collection of unpaid assessments or charges see Town Law, § 198 [3][d]; Village Law, § 11-1118; and County Law, § 266 [3].)
A city by local law may establish a scale of water rents to be paid for consumption of city water and formulate rules and regulations governing use of city water (Municipal Home Rule Law, § 10 [1][ii] [a][9-a]). We believe that such a local law could authorize termination of water supply for nonpayment of water charges (cf. Village Law, §11-1116, Town Law, § 198[3][d]). The local law should establish a contractual relationship whereby in return for water supply the consumer agrees to pay water rents, consents to city agents' entering his property to shut off service in the event of nonpayment, and agrees to be bound by other rules and regulations.
The United States Supreme Court has decided that provision of water is a property right that may not be terminated without due process (MemphisLight, Gas and Water Division v Craft, 436 U.S. 1 [1978]). Due process requires the provision of an opportunity, prior to termination of service, for the presentation of a customer's complaint that he is being over-charged or charged for services not rendered (id., p 16; see alsoKoger v Guarino, 412 F. Supp. 1375 [ED Penn, 1976] affd 549 F.2d 795 [3rd Cir, 1977]; Bradford v Edelstein, 467 F. Supp. 1361 [SD Texas, 1979]).
In conclusion a city, by applying the provisions of the Sewer Rent Law or by local law, may collect unpaid sewer rents by adding them to the tax roll and collecting them at the same time and in the same manner as real property taxes. A city by local law may establish the same procedure for collection of unpaid water rents. Subject to due process requirements, city water service may be terminated for nonpayment of water rents.